Jackson v. The Syracuse Newspapers

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of September, two thousand fourteen.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           DENNY CHIN,
                *Circuit Judges.*
-----------------------------------------------------------
CHARLES D. JACKSON,
                *Plaintiff-Appellant*,

           v.                                No. 13-4040-cv

THE SYRACUSE NEWSPAPERS,
                *Defendant-Appellee*.
-----------------------------------------------------------

FOR APPELLANT:          Charles D. Jackson, *pro se*, Syracuse, New York.

FOR APPELLEE:           Matthew H. Woodard, Jackson Lewis P.C., White Plains, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on September 26, 2013, is AFFIRMED.

Appellant Charles D. Jackson, proceeding pro se, appeals from an award of summary judgment in favor of his former employer The Syracuse Newspapers on his claims of race discrimination under Title VII of the Civil Rights Act of 1964 ("Ttitle VII"), 42 U.S.C. § 2000e et seq., and the New York State Human Rights Law.[1] We assume familiarity with the facts and underlying proceedings, which we reference only as necessary to explain our decision to affirm.

We review a summary judgment award de novo to determine whether the record presents no genuine issue of material fact and the moving party's entitlement to judgment as a matter of law. See Miller v. Wolpoff & Abramson, LLP, 321 F.3d 292, 300 (2d Cir. 2003). In doing so, we "resolve all ambiguities" and draw all inferences "from the underlying affidavits, exhibits, interrogatory answers, and depositions . . . in the light most favorable to the [nonmoving party]." Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

---

[1] The district court also granted The Syracuse Newspapers summary judgment on Jackson's Title VII retaliation claim. Because Jackson does not challenge this ruling on appeal, we deem it abandoned. See LoSacco v. City of Middletown, 71 F.3d 88, 92–93 (2d Cir. 1995). In any event, having reviewed the record and relevant case law, we identify no error in the dismissal of this claim.

Here, an independent review of the record and relevant case law reveals that summary judgment was warranted substantially for the reasons stated by the district court. Jackson failed to carry his prima facie burden because, while he complains of additional scrutiny and the denial of requested additional vacation days, these actions do not amount to adverse employment actions. See Brown v. City of Syracuse, 673 F.3d 141, 150 (2d Cir. 2012) (stating that adverse employment action must effect "materially adverse change in the terms and conditions of employment" and be "more disruptive than a mere inconvenience or an alteration of job responsibilities" (internal quotation marks omitted)). Insofar as Jackson's termination constitutes an adverse employment action, he failed to adduce evidence that the termination occurred "under circumstances giving rise to an inference of discrimination." Maraschiello v. City of Buffalo Police Dep't, 709 F.3d 87, 94 (2d Cir. 2013) (internal quotation marks omitted). While Jackson alleged that comparators were treated differently, the record evidence shows that these individuals were not in fact similarly situated to Jackson in "all material respects." Mandell v. Cnty. of Suffolk, 316 F.3d 368, 379 (2d Cir. 2003) (internal quotation marks omitted). Even if Jackson had so shown, he adduced no evidence that The Syracuse Newspapers's legitimate, nondiscriminatory reason for terminating his employment—poor work performance—was a pretext for race discrimination. See Patterson v. Cnty. of Oneida, 375 F.3d 206, 221 (2d Cir. 2004).

Nor is there any record basis for his contention that the district court's judgment was the result of bias.  See Liteky v. United States, 510 U.S. 540, 555–56 (1994) (discussing standard for recusal).

We have considered Jackson's remaining arguments and find them to be without merit.  Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court